**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Tuvia Korobkin (SBN 268066)
tkorobkin@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
2274 East Maple Avenue
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JESSICA APAC, as an individual and on behalf of all others similarly situated,

              Plaintiff,

     vs.

CASHCALL, INC., a California corporation; LOANME, INC., a Nevada corporation; and DOES 1 through 100,

              Defendants.

Case No.: _____

**CLASS AND COLLECTIVE ACTION COMPLAINT:**

**(1) VIOLATION OF FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*)**

**(2) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**

**(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**

**(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**

**(5) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**

**(6) WAITING TIME PENALTIES (LABOR CODE §§ 201-203)**

**(7) UNFAIR COMPETITION (BUS & PROF CODE § 17200 *et seq.*)**

**DEMAND FOR JURY TRIAL**

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Jessica Apac (hereinafter "Plaintiff") on behalf of herself and all others similarly situated, hereby brings this Class Action Complaint ("Complaint") against CashCall, Inc., a California corporation ("CashCall"); LoanMe, Inc., a Nevada corporation ("LoanMe"); and DOES 1 to 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.    Plaintiff, on behalf of herself and all others similarly situated, hereby brings this class and collective action for recovery of unpaid wages, liquidated damages, and penalties under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; California Business and Professions Code § 17200 *et. seq.*; California Labor Code §§ 204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1194, 1198; and California Industrial Welfare Commission Wage Order 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution.

2.    This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights under federal law.  This Court has jurisdiction over Defendants' violations of the California Labor Code and Business & Professions Code set forth above because these claims derive from the same common nucleus of operative facts.

## VENUE

3.    Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

4.    Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was and currently is, a California resident. During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each cause of action pled herein,

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by the FLSA; California Labor Code §§ 204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1194, and 1198; California Business & Professions Code § 17200 *et seq.*; and Wage Order 4, which sets employment standards for "Professional, Technical, Clerical, Mechanical and Similar Occupations," including collectors.

5.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business by issuing and collecting on unsecured personal and small business loans. Upon information and belief, Defendants employed Plaintiff and other, similarly-situated non-exempt employees within the Central District of California and, therefore, were (and are) doing business in the Central District of California and the State of California.

6.     Although CashCall and LoanMe are incorporated separately, in practice they act, and have always acted, as the same, joint enterprise. Among other things, the Chief Executive Officer and President of LoanMe are former CashCall executives; many LoanMe employees are former CashCall employees who were transferred to LoanMe by CashCall; Loan Counselors employed by LoanMe are paid pursuant to primarily the same compensation structure as Loan Counselors employed by CashCall; LoanMe employees often train CashCall Loan Counselors; and business decisions regarding the two entities are made jointly by CashCall and LoanMe employees. Accordingly, CashCall and LoanMe are a joint enterprise, and they each exert control over the wages, hours, and/or working conditions of the other's employees.

7.     Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 100, inclusive, and for that reason, said defendants are sued under such fictitious names,

3

CLASS AND COLLECTIVE ACTION COMPLAINT

and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed, and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined below) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8.    Plaintiff is informed, and believes, and thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all members of the Classes.

9.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

11.    Plaintiff was employed by Defendants as a non-exempt Loan Counselor, and worked for Defendants at their headquarters located in the Central District of California from approximately February 4, 2013 to approximately December 28, 2016, when Defendants terminated her employment. Plaintiff's job

CLASS AND COLLECTIVE ACTION COMPLAINT

duties while working for Defendants included collecting outstanding debts from individuals to whom Defendants had made loans.

12. During Plaintiff's employment with Defendants, Plaintiff often worked in excess of eight hours per workday and/or forty hours per workweek, but did not receive overtime compensation equal to one and one half times her regular rate of pay for all overtime hours worked. Specifically, Defendants paid Plaintiff non-discretionary bonuses based on her reaching various collections goals, and/or other forms of pay not excludable under California law and the FLSA law when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay"). Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to properly calculate Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages.

13. Defendants also failed to provide Plaintiff and other non-exempt employees with second meal periods on all shifts in excess of 10.0 hours. While Defendants would schedule first meal periods, they failed to schedule second meal periods for all shifts of more than 10.0 hours. Nonetheless, in the event that a required meal period was not in fact provided, upon information and belief, Defendants never paid Plaintiff the meal period premium wages required by Labor Code § 226.7.

14. Defendants also failed to authorize and permit Plaintiff and other non-exempt employees with third rest periods when they worked shifts in excess of 10.0 hours. While Defendants would schedule first and second rest periods, they failed to schedule third rest periods for shifts of more than 10.0 hours. Nonetheless, in the event that a required rest period was not authorized or permitted, upon information and belief, Defendants never paid Plaintiff the rest period premium wages required by Labor Code § 226.7.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

15.     Further, upon information and belief, Defendants have maintained no payroll code or other mechanism for the payment of meal period or rest period premium wages under Labor Code § 226.7 in the event that a legally compliant meal period or rest period was not provided to their non-exempt employees.

16.     As a result of Defendants' failure to pay all overtime wages and failure to pay meal and rest period premium wages, Defendants maintained inaccurate payroll records and issued inaccurate wage statements to Plaintiff, and failed to timely pay all wages owed to Plaintiff at the termination of her employment.

17.     On February 7, 2017, Regina Orozco filed a class action lawsuit against Defendants in Orange County Superior Court, Case No. 30-2017-00902026-CU-OE-CXC, alleging claims under California law based on substantially identical factual allegations as alleged herein. Ms. Orozco subsequently dismissed her lawsuit without prejudice. Accordingly, the statute of limitations for the claims alleged herein are tolled as of February 7, 2017. *See American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974) (holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.").

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

18.     **Class Definitions**: Plaintiff brings this action on behalf of herself and the following Classes pursuant Rule 23 of the Federal Rules of Civil Procedure and the FLSA:

a.     The California Overtime Class consists of all Defendants' current and former non-exempt employees in California who worked more than eight hours per day and/or forty hours per week and earned Incentive Pay during a corresponding time period that overtime hours were worked, at any time from February 7, 2013 through the present.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

b.  The <u>FLSA Overtime Class</u> consists of all Defendants' current and former non-exempt employees in the United States who worked more than forty hours per week and earned Incentive Pay during a corresponding time period that overtime hours were worked, at any time from February 7, 2014 through the present.

c.  The <u>Meal Period Class</u> consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 10.0 hours, at any time from February 7, 2013 through the present.

d.  The <u>Rest Period Class</u> consists of all Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 10.0 hours, at any time from February 7, 2013 through the present.

e.  The <u>Waiting Time Class</u> consists of all members of the California Overtime Class, Meal Period Class, and/or Rest Period Class who separated from their employment with Defendants at any time from February 7, 2014 through the present.

f.  The <u>Wage Statement Class</u> consists of all members of the California Overtime Class, Meal Period Class, and/or Rest Period Class who received a wage statement at any time from February 7, 2016 through the present.

19.  **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes are unknown to Plaintiff at this time; however, it is estimated that the membership of each Class numbers greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

20.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

    i.    Whether Defendants failed to properly include all forms of compensation when computing the respective regular rate of pay for members of the California Overtime Class and the FLSA Overtime Class under California law and/or the FLSA;

    ii.    Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

    iii.    Whether Defendants provided all legally compliant meal periods to members of the Meal Period Class pursuant to Labor Code §§ 226.7 and 512;

    iv.    Whether Defendants authorized and permitted all legally compliant rest periods to members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

    v.    Whether Defendants maintained a policy or practice of failing to pay meal and rest period premium wages for non-compliant meal periods or rest periods;

    vi.    Whether Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all wages due to them at termination; and

    vii.    Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226.

21.    **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial

CLASS AND COLLECTIVE ACTION COMPLAINT

and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform overtime and meal and rest period policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

22. **Typicality**: The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint.  As alleged herein, Plaintiff, like the members of the Classes, was deprived of all earned overtime wages, was not provided all required meal periods and was not authorized and permitted all required rest periods, did not receive meal period or rest period premium wages for missed or non-compliant meal periods or rest periods, was not paid all wages owed at the termination of her employment, and was not provided with accurate itemized wage statements.

23. **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

24. **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior

CLASS AND COLLECTIVE ACTION COMPLAINT

economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

25.    As such, the Rule 23 Classes identified in Paragraph 18 are maintainable as Classes under Rule 23(b)(1) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

///

///

///

CLASS AND COLLECTIVE ACTION COMPLAINT

## **FIRST CAUSE OF ACTION**

### **FLSA VIOLATIONS**

### **(AGAINST ALL DEFENDANTS)**

26.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

27.   This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the "regular rate" of pay for all hours worked in excess of 40 per workweek.

28.   Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, earned overtime compensation, and received various forms of Incentive Pay, which are not excludable when calculating the "regular rate" of pay.

29.   Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include in the "regular rate" of pay the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not excludable when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

30.   Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements, including but not limited to 29 U.S.C. § 207.

31.   Defendants' policies and practices, as alleged, constitute a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

CLASS AND COLLECTIVE ACTION COMPLAINT

32.    Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime calculations for Plaintiff and members of the FLSA Overtime Class and resultant failure to pay all earned overtime compensation creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees, and costs, per 29 U.S.C. § 216, and interest thereon.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY ALL OVERTIME WAGES
## (AGAINST ALL DEFENDANTS)

33.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

34.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

35.    At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek. Wage Order 4, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek. As alleged herein, Defendants caused Plaintiff to work overtime hours, but did not compensate Plaintiff or members of the California

CLASS AND COLLECTIVE ACTION COMPLAINT

Overtime Class at one and one half times their "regular rate" of pay for such overtime hours.

36.     Defendants' policy/practice of requiring overtime work and not paying at the proper overtime rates for said work violates Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198 and Wage Order 4.

37.     The foregoing policies/practices alleged herein are unlawful and create entitlement to recovery by Plaintiff and the members of the California Overtime Class in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Code of Civil Procedure § 1021.5.

### THIRD CAUSE OF ACTION
### MEAL PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

38.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members of the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the Labor Code and Wage Order 4, § 11.  As alleged herein, Defendants failed to provide second meal periods to Plaintiff and members of the Meal Period Class when they worked shifts of more than 10.0 hours, and failed to pay meal period premium wages when meal periods were not provided.

40.     As a result, Defendants are responsible for meal period premium wages owing, including interest thereon, pursuant to Labor Code §§ 226.7, 512, 516, 558, and Civil Code §§ 3287(b) and 3289.

///

13

CLASS AND COLLECTIVE ACTION COMPLAINT

**FOURTH CAUSE OF ACTION**

**REST PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

41.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

42.    Wage Order 4, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

43.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to authorize and permit all of their non-exempt employees in California, including Plaintiff and members of the Rest Period Class, with all legally compliant rest periods in accordance with the mandates of the Labor Code and Wage Order 4, § 12.  As alleged herein, Defendants failed to authorize and permit third rest periods to Plaintiff and members of the Rest Period Class when they worked shifts of more than 10.0 hours, and failed to pay rest period premium wages when rest periods were not authorized and permitted.

44.    The foregoing violations create an entitlement to recovery by Plaintiff and members of the Rest Period Class in a civil action for the unpaid amount of rest period premium wages owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

**FIFTH CAUSE OF ACTION**

**WAGE STATEMENT VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

45.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

46.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice,

14

CLASS AND COLLECTIVE ACTION COMPLAINT

failed to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements with respect to their total gross wages earned, rates of pay, and total net wages earned, in violation of Labor Code § 226 *et seq*.

47.    Defendants' failures in furnishing Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in injury, as said failures led to, among other things, the non-payment of all earned overtime wages, meal and rest period premium wages, and deprived them of the information necessary to identify the discrepancies between Defendants' reported data and what they actually were supposed to be paid.

48.    Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq*., including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq*.

## SIXTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

49.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

50.    This claim is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit.  In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

51.    Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all of their final wages at the time of termination which includes, among other things, overtime wages, meal period premiums, and rest period premiums. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.    Defendants' failure to pay all final wages was and is willful within the meaning of Labor Code § 203.

52.    Defendants' willful failure to timely pay Plaintiff and members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

### SEVENTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (AGAINST ALL DEFENDANTS)

53.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

54.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business & Professions Code § 17200 *et seq*., by failing to properly pay all overtime wages, failing to provide all required meal periods and failing to pay meal period premium wages, failing to authorize and permit all required rest periods and failing to pay rest period premium wages, failing to provide accurate itemized wage statements to employees, and failing to timely pay all wages due to employees at termination.

///

16

CLASS AND COLLECTIVE ACTION COMPLAINT

55.    Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

56.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

57.    The acts complained of herein occurred within the last four years immediately preceding the filing of this action.

58.    Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiff as representative of the Classes;

3.    For an order appointing Plaintiff's counsel as Counsel for the Classes;

4.    Upon the First Cause of Action, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216;

///

CLASS AND COLLECTIVE ACTION COMPLAINT

5.      Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

6.      Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7.      Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

8.      Upon the Fifth Cause of Action, for statutory penalties pursuant to Labor Code § 226;

9.      Upon the Sixth Cause of Action, for statutory waiting time penalties pursuant to Labor Code § 203;

10.      Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

11.      Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

12.      On all causes of action, for attorneys' fees and costs as provided by 29 U.S.C. § 216(b); Labor Code §§ 226, 1194 *et seq.*; and Code of Civil Procedure § 1021.5; and

13.      For such other and further relief the Court may deem just and proper.


Dated: March 6, 2017                     Respectfully submitted,
                                         HAINES LAW GROUP, APC

                                  By:    _/s/ Paul K. Haines_____
                                         Paul K. Haines
                                         Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: March 6, 2017

Respectfully submitted,
HAINES LAW GROUP, APC


By:    _/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff

CLASS AND COLLECTIVE ACTION COMPLAINT